**JACKSON et ux. v. SCOGGINS.   (No. 1096.)**

(Court of Civil Appeals of Texas.   El Paso.
March 25, 1920.)

**Specific performance ⬤�longrightarrow35—Since wife may withdraw from lease of homestead before delivery performance cannot be decreed.**

Though husband and wife signed and acknowledged an oil and gas lease of their homestead and placed it in escrow, contract still being executory up to actual delivery with intent to vest title, specific performance cannot be decreed.

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Suit by J. H. Scoggins against T. H. Jackson and wife. From judgment for plaintiff, defendants appeal. Reversed and remanded.

W. O. Jackson, of Breckenridge, and Callaway & Callaway, of Comanche, for appellants. Goodson & Nabors, of Comanche, for appellee.

HARPER, C. J.   J. H. Scoggins filed this suit against T. H. Jackson and wife for specific performance of a contract to lease to plaintiff 100 acres of land for the purpose of prospecting for oil and gas, with an alternative plea for damages for failure to perform.

The defendants answered by general demurrer, general denial, set up the statute of frauds by alleging that it was a contract for the conveyance of land and not in writing, and specially pleaded that they were man and wife, and as such lived upon, used, and occupied the 100 acres as a homestead, and pleaded homestead rights in bar of specific performance.

Other matters are pleaded by both parties, but, having concluded that the case must be reversed upon the question of the power of the court to decree specific performance of a homestead under the facts of this case, it becomes unnecessary to note the other pleadings here.

The trial court by general charge submitted the one question to the jury:

"If you believe * * * that T. H. Jackson and wife executed, signed, and acknowledged that certain oil and gas lease on the 100 acres of land * * * in pursuance of the contract theretofore entered into, * * * and have failed and refused to carry it out, etc., you will find for plaintiffs."

The jury returned their verdict, "We, the jury, find for plaintiff," and thereupon the court entered its judgment, decreeing specific performance, from which this appeal.

It is urged that the court should have instructed a verdict for the defendants because the undisputed evidence is to the effect that the land was occupied as a homestead, and that no lease was ever delivered to the plaintiff, and specific performance of an executory contract for the conveyance of a homestead cannot be enforced against the wife.

It is suggested by appellee that there is evidence that the lease was executed and delivered, but we find no evidence in this record of a delivery to plaintiff, but, upon the other hand, plaintiff testified: "I have not seen any lease * * * which Jackson executed to me."

In this connection it is further urged that there is evidence that Jackson and wife signed and acknowledged the lease before a notary public, and placed it with him in escrow to be delivered to plaintiff upon the happening of the conditions of a contract theretofore signed by Jackson. The view we take of the law of this case makes it unnecessary to determine this question of fact, because, even though it be true, that they signed and acknowledged a lease and placed it in escrow, the contract is still executory, and the wife may retract at any time up to actual delivery into the possession of the lessee with intent to vest title, and specific performance

cannot be decreed upon an executory contract to convey homestead. Jones v. Goff, 63 Tex. 248; Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; McEntire v. Thomason, 210 S. W. 563; De West v. Barthelow, 136 S. W. 86. And all the testimony is to the effect that the land was a part of the homestead.

Copying from the opinion in Crabb v. Bell, 220 S. W. 623, by this court, written by Justice Higgins, and this day handed down:

"It is also well settled that a conveyance of an interest in the oil, gas, and minerals in and under a tract of land is a conveyance of an interest in the land." McEntire v. Thomason, supra; Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989.

The question now arises as to whether the transaction in question constitutes an executory contract as distinguished from an executed one. A consideration of well-settled rules of law applicable to deeds delivered in escrow leads to the conclusion that it is executory for the reason that a deed delivered in escrow has no effect as a deed, and no title passes to the grantee until the condition of the escrow agreement has been performed or fulfilled. The rule is thus stated in 10 R. C. L. 627.

"Where an instrument has been delivered to a depositary as a writing or escrow of the grantor, it does not become a deed, and no legal title or estate passes until the condition has been performed, or the event has happened upon which it is to be delivered to the grantee, or until the delivery by the depositary to the grantee."

In 1 Devlin on Real Estate (3d Ed.) § 322, speaking of deeds placed in escrow, it is said:

"Until the condition has been performed and the deed delivered over the title does not pass, but remains in the grantor."

To the same effect, see 3 Washburn on Real Property (6th Ed.) §§ 2179, 2180; 1 Warvelle on Vendors (2d Ed.) § 506; 16 Cyc. 576–588; 6 Amer. & Eng. Encyc. of Law (1st Ed.) 867.

The rule is also well settled that equity will enforce the delivery of a deed placed in escrow where the condition has been fulfilled, but this phase of the rule has no application here because the condition of payment of the purchase price had not been fulfilled prior to the repudiation by appellants of their contract of conveyance and escrow agreement. Since the delivery of the deed by the appellants to the depositary under the escrow agreement did not operate to pass title to appellees, the transaction was executory until the condition of the escrow had been performed by the payment of the purchase money, and, the same being executory, specific performance cannot be enforced against the wife.

For the reasons assigned, the cause is reversed and remanded.