### DE BELL et al. v. SCHUETZ.
#### No. 9388.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 22, 1933.

Rehearing Denied Dec. 13, 1933.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, for appellants.

Maurice Lehmann, of Boerne, and Alfred Petsch, of Fredericksburg, for appellee.

MURRAY, Justice.

Henry Schuetz, appellee, brought this suit against A. W. De Bell, his wife, Elsie C. De Bell, and Boerne State Bank, seeking a mandatory injunction compelling the officers of this bank to deliver to him one certain deed held by them subject to an escrow agreement between himself and the two De Bells.

A. W. De Bell and wife were in possession of a certain tract of land in Kendall county, which constituted their homestead. There was an outstanding vendor's lien note against the property with something over $8,000 in principal due. Suit to foreclose had been instituted by appellee, and, in order to avoid a foreclosure, De Bell and wife executed an escrow agreement, together with a deed to the property, and deposited same with the Boerne Bank, to be delivered to appellee in the event they did not pay certain sums of money on or before October 7, 1933.

After the execution of this deed, Mrs. Elsie C. De Bell notified the officers of the bank not to deliver this deed, as she wished to retract her agreement to convey her homestead.

This suit was instituted to compel the delivery of the deed and to secure possession of the premises.

The trial judge held a hearing in Kerr county on October 13, 1933, and granted a mandatory injunction, as prayed for.

We are of the opinion this was error. Mrs. De Bell had executed a deed to her homestead, but it had not been fully delivered; it was placed in escrow to be returned to her in the event she and her husband were able to pay approximately $2,000 prior to October 7, 1933. In the event the payment was not made, the deed was to be delivered to Schuetz. Before the date on which the deed was to be delivered, Mrs. De Bell notified the officers of the bank of her desire to retract her agreement to convey her homestead.

A married woman can only convey her homestead by a written deed duly signed, acknowledged by her as required by law, and delivered. At any time before complete delivery, she may retract and refuse to convey. A conditional delivery or a delivery in escrow is insufficient to pass title to a married woman's homestead. And especially is this true where the deed is to be returned to her on the happening of certain contingencies. This would constitute nothing more than an executory contract for the sale of the homestead which may be revoked. Jones v. Goff, 63 Tex. 248; Crabb v. Bell (Tex. Civ. App.) 220 S. W. 623; Jackson v. Scoggins (Tex. Civ. App.) 220 S. W. 302; Maynard v. Gilliam (Tex. Civ. App.) 225 S. W. 818; Blue v. Conner (Tex. Civ. App.) 219 S. W. 533.

The order granting the temporary mandatory injunction will be reversed and set aside.