February 23, 1928, more than 10 days before the date of the hearing.

Thereafter on July 23, 1928, the council enacted an ordinance levying the assessment evidenced by the certificate sued on. This ordinance recites that the city secretary in accordance with the provisions of article 1105b, *and the resolutions and ordinances of the city of Haskell,* gave notice to the property owners of the hearing by publication of the ordinance as above stated.

It will be noted that there is no requirement in the governing statute, or any ordinance in evidence, that the notice be addressed to the property owners, either as a class or individually. Nor is there any requirement that it be labeled as a notice. It is provided that the required notice "shall be by advertisement" and that the required manner of conveying the notice to the abutting property owners is that the "advertisement" shall be "inserted at least three times in some newspaper published in the city" where the assessment is to be imposed. There is no requirement that the "advertisement" be labeled as such when published, or that it carry an introductory statement to the effect that it is a notice. In brief, the statutory notice provided for in the governing statute—not notice generally—may be defined as a statement setting forth by way of newspaper advertisement the matters therein required to make it sufficient, which statement is required to be published in a newspaper described by the statute as therein provided.

 The Court of Civil Appeals correctly holds that a statute directing the manner of serving a notice affecting property rights must be strictly complied with. The entire ordinance, which is described above, was inserted and published four successive times in the local newspaper, and, as has been already pointed out, embodied a *statement* of every fact and matter required to make it sufficient as the notice provided for in the governing statute. Under the heading "An Ordinance," it was published for the number of times stated, and occupied in space a full page of the newspaper. It was signed, "T. C. Cahill, Mayor, City of Haskell, Texas," and was attested, "Marvin H. Post, City Secretary," under the seal of the city. There is embodied therein a statement of the place, the date, the day and hour that the hearing provided for will be held, as well as a statement of how long it will continue. The statement contained relating to the proposed improvements is complete in every detail. It is even fuller and more comprehensive than is required by the governing statute. It carries, though not required to do so, the names of all abutting property owners, about ninety in number, including the names of the Lindseys, segregated so as to designate each owner under the engineer's statement as it relates to his own district, setting forth the required facts as to the street to be paved and the cost thereof to each owner, in minute detail, and so as to be readily understood. The manner and times of publication take the statement out of the class of a mere news item and place it in the category of an "advertisement," within the purview of the statute.

It is unnecessary to discuss the authorities relating to notices required to be given under statutes providing other and different requirements with respect thereto, and the manner of notifying interested property owners. The notice in the present case both as to sufficiency and manner of notifying meets substantially, if not fully, the requirements of the governing statute.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court.

**PICKENS et al. v. BACLE et al.**

No. 2066—6866.

Commission of Appeals of Texas, Section A.

May 26, 1937.

For former opinion, see 104 S.W.(2d) 482, affirming 78 S.W.(2d) 260.

Wynne & Wynne, of Longview, and Prentice Wilson, of Dallas, for plaintiffs in error.

B. Reagan McLemore and M. Neal Smith, both of Longview, Thomas Y. Banks, of San Antonio, and Banks & Nichols, of Marshall, for defendants in error.

GERMAN, Commissioner.

Plaintiffs in error in motion for rehearing contend that the judgment was not a final one, because it failed to adjudicate the interest of Pilot Oil Company. The original petition was filed March 26, 1931, and the defendants named were W. L. Pickens and E. B. Germany, who were claiming under the purported mineral deed of January 14, 1931. Lis pendens was filed October 22, 1931. On April 8, 1933, plaintiffs in the trial court (defendants in error here) filed a supplemental petition, alleging that since the filing of the lis pendens defendant Germany had conveyed some interest to Pilot Oil Company. In this petition they prayed judgment of cancellation as against said Pilot Oil Company as well as the original defendants. It appears that Pilot Oil Company was represented by the attorneys who represented the defendants. No formal answer was filed by that company, and no issues were raised between it and the defendants. The judgment of the trial court recites that the Pilot Oil Company appeared and announced ready for trial. It further expressly decreed that plaintiffs take nothing as to Pickens, Germany, and the Pilot Oil Company. On the cross-action of Pickens and Germany judgment was rendered in their favor against all plaintiffs. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of defendants in error as against Pickens, Germany, and the Pilot Oil Company. The Pilot Oil Company joined in the motion for rehearing in the Court of Civil Appeals, and also prosecuted the application for writ of error; acting in all these matters by the attorneys who represented Pickens and Germany.

■ We are of the opinion that the judgments of the trial court and of the Court of Civil Appeals were proper as to Pilot Oil Company, and it is bound thereby, and by the judgment of this court.

■ It is argued, however, that as to Pilot Oil Company the judgment should be reversed and remanded, and not reversed and rendered, in order to give that company a chance to prove that it was an innocent purchaser for value. This plea is predicated upon the proposition that the lis pendens was not sufficient to give notice to said Pilot Oil Company at the time it purchased from Germany. We find that the original lis pendens was in accordance with article 6640. It gave the number and style of the suit, the court in which the case was pending, the names of the parties, the kind of suit, and a description of the land. The suit was designated as one of trespass to try title and to remove cloud from title. There were certain allegations concerning the instrument of January 14, 1931, in which it was referred to as a mortgage. The contention, however, is that when plaintiffs filed their first amended original petition on February 11, 1933, they changed the nature of their cause of action. There is no sound basis for this contention. That petition was in the form of trespass to try title and to remove cloud from title. In this petition there were allegations concerning the instrument of January 14, 1931, somewhat different from the allegations in the original petition, but it was still contended that the instrument was not a deed, and was executed only for the purposes of security. These allegations did not constitute a change in the cause of action asserted.

We are of the opinion that the lis pendens was amply sufficient to give the notice provided for by the statute to all purchasers since its filing.

The motion for rehearing by plaintiffs in error is overruled.

Opinion adopted by the Supreme Court.