# W. L. Pickens et al. v. Arrenva V. Bacle et al.

No. 6866.   Decided April 28, 1937.
Rehearing overruled May 26, 1937; June 23, 1937.
(104 S. W., 2d Series, 482; 105 S. W., 2d Series, 212.)

*Wynne & Wynne,* of Longview, *Prentice Wilson,* of Dallas, for plaintiff in error.

A married woman can, by her acts and conduct, ratify, confirm and adopt her deed so as to make it effective to convey the property therein named, although said deed was at its inception void and unenforceable. Harpold v. Moss, 101 Texas 540, 109 S. W. 928; Texas Emp. Ins. Co. v. Boecker, 53 S. W. (2d) 327; Jackson v. Langford, 60 S. W. (2d) 265; Speer's Law of Special Issues in Texas, Sec. 167.

*Thos. Y. Banks,* of San Antonio, *B. Regan McLemore* and *M. Neal Smith,* both of Longview, and *Banks & Nichols,* of Marshall, for defendants in error.

Since the entire agreement was predicated and based upon an agreement to control the future orders of the probate court it was void in its entirety and could not in whole or in part be given validity through any form of ratification. Specht v. Collins, 81 Texas 213, 16 S. W. 934; 10 Tex. Jur. 260; Texas & Pac. Coal Co. v. Lawson, 89 Texas 394, 32 S. W. 871.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendants in error, Mrs. Arrenva V. Bacle and husband, J. W. Bacle, and John O. Banks, who will be designated plaintiffs, brought this suit in the district court of Gregg County against W. L. Pickens and E. B. Germany, who will be designated defendants. The suit was in nature of trespass to try title and to cancel a purported deed of conveyance dated January 14, 1931, conveying an undivided one-fourth mineral interest in 150.7 acres of land in Gregg County. Judgment was against plaintiffs in the trial court, but this judgment was reversed by the Court of Civil Appeals and judgment was rendered there in favor of plaintiffs. 78 S. W. (2d) 260. In the opinion of the Court of Civil Appeals will be found a full statement of facts touching the dominant questions in the case.

It is undisputed that Mrs. Bacle owned in her own right an undivided one-fourth interest in the minerals in the 150.7 acres of land, subject to a lease. She and her husband lived on the land as their homestead. A one-half interest in the land and minerals was owned by the children of Mrs. Bacle by a

former husband. The deed in question purported on its face to be an absolute conveyance of an undivided one-fourth interest in and to the oil, gas and minerals in and under the land, subject to any valid existing lease. This instrument was executed by Mrs. Bacle and her husband and bore a certificate of acknowledgment in statutory form. W. L. Pickens was named as grantee.

Contemporaneously with the execution of the purported deed defendants Pickens and Germany signed and delivered to Mrs. Bacle the following instrument:

"Longview, Texas, January 14, 1931.
"Mr. and Mrs. Bacle and Children, Longview, Texas.

"To Mr. and Mrs. J. W. Bacle and Children: We understand that you and the children of Mrs. J. W. Bacle are the owners of one-half of the leasehold interest and three-fourths of the royalty interest in 153 acres more or less in the Dolores Sanches Survey. It is understood that Mrs. J. W. Bacle will be appointed guardian of her minor children and that the 1/2 of the leasehold interest owned by the children of Mrs. J. W. Bacle will be leased to the undersigned for the sum of $22.50 per acre for a primary term of ten years.

"Mrs. J. W. Bacle and J. W. Bacle are the owners of 1/4 of the royalty and this 1/4 royalty will be pledged and placed up in escrow to secure the performance of this agreement. When all guardianship proceedings have been complied with and the lease is ready to be delivered to the undersigned by Mrs. J. W. Bacle as guardian, the undersigned shall have the option also to buy the 1/4 royalty so pledged, on the basis of $40.00 per royalty acre. In the event that the undersigned does not choose to exercise the option of buying the 1/4 royalty, he shall pay for the leasehold interest on the basis of $22.50 per acre and shall re-deliver to J. W. Bacle and wife, Mrs. J. W. Bacle, the one-fourth royalty contract.

"Yours very truly,

E. B. Germany.

"Accepted:                                  W. L. Pickens."

It is undisputed that the mineral deed, the above mentioned letter, and a check to cover the purchase money of the proposed lease, were taken by the parties to Longview on the 14th of January, 1931, with the intention of leaving them in the bank there. The bank objected to the form of the agreement, and the parties left the papers with a Mr. Jones during the night of the 14th. Next morning Mr. Bacle returned to Longview and then advised defendant Pickens, who was acting in the matter for himself and for Mr. Germany, that his wife declined to go

forward with the transaction. We take from the answer of defendants the following statement showing what was then done:

"On the morning after the papers, including the check and contract and deed, had been left with Mr. Jones, Mr. Bacle came into town and said that they had decided they could get more money for the lease and didn't want to sell it. Mr. Pickens contended that as he had put up his money and had secured a wire from the bank in Dallas that the money would be paid, he wanted to hold the parties to the contract, so it was agreed that they would call the first trade off and sell the royalty at $40.00 an acre.

"The matter was fully discussed and considered by all of the parties, so Mr. Jones was instructed to deliver the mineral deed to W. L. Pickens and E. B. Germany, and a check was delivered to Mr. and Mrs. Bacle for the sum of $1530.00. Upon said check was written: 'To purchase 1/4 royalty 1/2 her part of farm in Gregg Co.' This check was also wired upon, and was then delivered to J. W. Bacle, was carried out to the farm where his wife was situated, and his wife there endorsed the check and the same was deposited, on January 16th, 1931."

Defendants, among other things, relied upon an estoppel. Their main contention, however, may be briefly stated as follows: That the contemporaneous agreement shows that the purported mineral deed was executed for and was to accomplish a twofold purpose, to-wit: First, that it was to be held as a pledge to secure the faithful performance by Mrs. Bacle of the agreement to execute, as guardian, the lease of the one-half interest of her children; and, second, that it was to serve as a conveyance, in the event defendants later decided to exercise their option and purchase the royalty interest. In order to more fully disclose their contention, we quote the following language from their motion for rehearing in the Court of Civil Appeals:

"The original agreement between the parties was not carried out, as the papers were not placed in escrow in the Bank, and this fact was admitted by all parties, then there must have been some new contract or some new agreement with reference to the royalty contract. This new agreement was had between Mr. Bacle and the appellee and constituted an entire new transaction and new sale of the royalty by him to them. The instrument was duly acknowledged and not retracted and was in the hands of the logical agent of Mrs. Bacle, who was authorized to act for her. The Statute only requires that in the conveyance of a wife of her separate estate, she shall be joined by her husband, and the instrument properly acknowledged by her. There

is no restriction with reference to delivery or placing the same in the hands of an agent escrow or otherwise. The instrument having been formally executed, Mr. Bacle with authority from his wife could change it if it was a pledge to an executed conveyance by delivering it, not as a pledge or a mortgage, but as a deed. In the instant case the Bank had refused to take the escrow and had refused to accept it as a pledge."

1, 2 We are of the opinion that this language of defendants shows with reasonable certainty just what was attempted to be done. Under no view of the evidence can it be said that at the time Mrs. Bacle signed and acknowledged the instrument in question it was intended to constitute a conveyance of her mineral interest *effective at that very time*. It is appropriate to state that the letter of January 14th does not purport to be the contract of Mrs. Bacle, as it was not executed by her in the statutory manner. It merely evidences a parol agreement so far as Mrs. Bacle is concerned. Unquestionably such parol agreement would be void as to her. But looking to the letter of January 14th as evidencing the nature of the parol agreement, it is manifest that the so-called mineral deed was intended primarily to be held as a pledge. It was merely an inference that it was also to be held subject to the exercise of the option to purchase the royalty. But if it be assumed that it was intended also for this purpose, it was still not a present conveyance, but was nothing more than part of a contract to convey when the option was exercised. We are clearly of the opinion that the contract which Mrs. Bacle is alleged to have made, which involved the execution of the instrument for the purpose of being used in performance of the agreement, was void, because it rested in parol and because it was not such a contract as Mrs. Bacle could legally make. Consequently, as the agreement was void, the instrument would pass out with it, and would necessarily have no legal effect. It has been many times held that a married woman can not make any contract with reference to her homestead or her separate estate which is not a present conveyance of the whole or a part of her title. In the case of Blakeley v. Kanaman, 107 Texas 206, 175 S. W. 674, the Court quoted with approval from a prior decision as follows:

"The power to convey does not, therefore, enable her to contract generally with reference to her separate property, *but only to dispose, in whole or in part of her title;* and the only operation which her conveyances have is to pass such title or some interest in it. Wadkins v. Watson, 86 Texas 194, 24 S. W. 385, 22 L. R. A. 779." (Emphasis by Court.)

In the case of Jones v. Goff, 63 Texas 248, 255, it was said:

"With us the power to sell or otherwise dispose of the homestead is derived from the Constitution and statute; the former declaring that it shall not be disposed of except as prescribed in the latter. The statute makes no provisions whatever for the wife to enter into agreements or executory contracts to convey the homestead at some future time. That is not one of the modes provided by statute in which she may divest herself of the homestead right.

"The *sole* and *only* mode prescribed by statute is by 'conveyance,' in which she joins the husband, and which she acknowledges privily and apart from him. To the word conveyance, as used in the statute, must be assigned its ordinary signification; that is, a writing by which property is conveyed from one to another. As before remarked, the statute does not include agreements to convey, but conveyances only." (Emphasis by Court.)

3  According to defendants' own admissions, as set out above, after Mrs. Bacle, through her husband, advised defendants of her determination not to go through with the transaction, there was a new contract between Mr. Bacle and themselves, which "constituted an entire new transaction and new sale of the royalty by him to them." They assert that this new sale could be made binding upon Mrs. Bacle merely by delivery of the instrument previously executed and acknowledged by her. As the purported deed at the time of its acknowledgment was not intended as a conveyance in praesenti, it could not later be transformed into a conveyance merely by being delivered by Mr. Bacle, and by an acceptance of the check by Mrs. Bacle.

The following additional authorities so conclusively settle this case that argument is unnecessary: 23 Texas Jur., 267, Sec. 231; McEntire v. Thomason, 210 S. W. 563 (writ refused); DeBell v. Schuetz, 65 S. W. (2d) 413 (writ refused); Maynard v. Gilliam, 225 S. W. 818; Jackson v. Scoggins, 220 S. W. 302.

4  There is nothing in this case that would estop Mrs. Bacle. She did nothing that would constitute an act of affirmative fraud. Defendants accepted the deed from Mr. Bacle with full knowledge that Mrs. Bacle had not signed and acknowledged it with the intention of making it a present conveyance. It is well settled that as to one who is not a purchaser for value without notice, the mere acceptance of purchase money and the delivery of an instrument which is void as a conveyance will not estop a married woman, when her homestead or separate property is involved. Cauble v. Worsham, 96 Texas 86, 93, 70 S. W. 737, 97 Am. St. Rep. 871; Daniel v. Mason, 90 Texas

240, 38 S. W. 161, 59 Am. St. Rep. 815; 23 Texas Jur., 315, Sec. 275.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 28, 1937.

### ON MOTION FOR REHEARING.

Plaintiffs in error in motion for rehearing contend that the judgment was not a final one, because it failed to adjudicate the interest of Pilot Oil Company. The original petition was filed March 26, 1931, and the defendants named were W. L. Pickens and E. B. Germany, who were claiming under the purported mineral deed of January 14, 1931. Lis pendens was filed October 22, 1931. On April 8, 1933, plaintiffs in the trial court (defendants in error here) filed a supplemental petition, alleging that since the filing of the lis pendens defendant Germany had conveyed some interest to Pilot Oil Company. In this petition they prayed judgment of cancellation as against said Pilot Oil Company as well as the original defendants. It appears that Pilot Oil Company was represented by the attorneys who represented the defendants. No formal answer was filed by that company, and no issues were raised between it and the defendants. The judgment of the trial court recites that the Pilot Oil Company appeared and announced ready for trial. It further expressly decreed that plaintiffs take nothing as to Pickens, Germany and the Pilot Oil Company. On the cross action of Pickens and Germany judgment was rendered in their favor against all plaintiffs. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of defendants in error as against Pickens, Germany and the Pilot Oil Company. The Pilot Oil Company joined in the motion for rehearing in the Court of Civil Appeals, and also prosecuted the application for writ of error; acting in all these matters by the attorneys who represented Pickens and Germany.

5   We are of the opinion that the judgments of the trial court and of the Court of Civil Appeals were proper as to Pilot Oil Company, and it is bound thereby, and by the judgment of this Court.

6   It is argued, however, that as to Pilot Oil Company the judgment should be reversed and remanded, and not reversed and rendered, in order to give that company a chance to prove that it was an innocent purchaser for value. This plea is predicated

upon the proposition that the lis pendens was not sufficient to give notice to said Pilot Oil Company at the time it purchased from Germany. We find that the original lis pendens was in accordance with Article 6640. It gave the number and style of the suit, the court in which the case was pending, the names of the parties, the kind of suit, and a description of the land. The suit was designated as one of trespass to try title and to remove cloud from title. There were certain allegations concerning the instrument of January 14, 1931, in which it was referred to as a mortgage. The contention, however, is that when plaintiffs filed their first amended original petition on February 11, 1933, they changed the nature of their cause of action. There is no sound basis for this contention. That petition was in the form of trespass to try title and to remove cloud from title. In this petition there were allegations concerning the instrument of January 14, 1931, somewhat different from the allegations in the original petition, but it was still contended that the instrument was not a deed, and was executed only for the purposes of security. These allegations did not constitute a change in the cause of action asserted.

We are of the opinion that the lis pendens was amply sufficient to give the notice provided for by the statute to all purchasers since its filing.

The motion for rehearing by plaintiffs in error is overruled.

Opinion adopted by the Supreme Court May 26, 1937.

Rehearing overruled June 23, 1937.