## JONES et al. v. CONTINENTAL ROYALTY CO.

### No. 9344.

Circuit Court of Appeals, Fifth Circuit.

Nov. 28, 1940.

Rehearing Denied Jan. 14, 1941.

Frank L. McClendon, of Tyler, Tex., for appellants.

Charles W. Starling, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants in their petition describing two tracts of land, sued to remove as a cloud upon, and to quiet their title as to, a certain instrument of writing,[1]

---

[1] "The State of Texas,

"County of Smith.

"Know All Men By These Presents: That we, Oland Jones, Jerry J. Jones, and Mary Jones his wife, of Smith County, Texas, for and in consideration of Five Dollars per acre to be paid by The Continental Royalty Company as hereinafter fully set out do hereby bargain, sell and convey unto The Continental Royalty Company, a corporation, an undivided one-half interest, in and to all mineral rights in and under the following described tract of land, subject to a certain lease hereinafter mentioned:

"Lying and being situated in the County of Smith, State of Texas, being more fully described as follows, to-wit:

"First Tract: Being 282 acres of the Polinio Cherino Survey No. 331, situated about three miles east of Tyler, Texas, on the Tyler and Overton road, a part of blocks Nos. 3 and 4, of the original subdivision of said survey, being the same land deeded to the undersigned by Mrs. L. C. Blair and Mrs. Lou Swann on October 11, 1918, reference to which deed is here made.

"Second Tract: Being 53 acres of the Jesse Bean Headright No. 146, situated about 12 or 13 miles east of Tyler, Texas, being the same land deeded to Oland Jones by N. W. Brooks, which said deed is of record in Vol. 126, page 221, Deed Records of Smith County, Texas, reference to which is here made.

"Third Tract: Being 102 acres of Jesse Bean Headright, No. 146, situated about 13 miles east of Tyler, Texas, being the same land deeded to us by Geo. R. Phillips, which said deed is of record in Vol. 122, page 507, deed records of Smith County, Texas, reference to which is here made for a more particular description thereof.

"And we also hereby bargain, sell and convey unto The Continental Royalty Co. an undivided one-half interest in and to all royalties to which we may be entitled under that certain lease heretofore made by us upon the said land above described to R. G. Storey, Lessee, and dated the 1st day of November, 1919, and of record in Vol. 146, page 360, Deed Records of Smith County, Texas, together with an

claimed by plaintiffs to be an unperformed and ineffective contract of sale. The claim in detail was that it was ineffective from the beginning as to one of the tracts because it had at all times been the homestead of grantors and that it was ineffective as to the other tract because there had been no performance of the conditions it imposed. Defendant contented itself with filing a motion to dismiss on the ground that no claim for relief had been stated and the District Judge apparently of opinion that the instrument was a deed granted the motion. Plaintiffs are here insisting that this was error and that there must be a reversal. We agree. Whether an instrument is a deed or a contract to convey is to be determined, where the instrument is plain, from its terms, and where it is ambiguous, construction may be assisted by resort to acts of the parties. The instrument in question does indeed contain words which are appropriate to a present conveyance but it also contains many clauses not only wholly inappropriate to such an instrument but of an exactly contrary purport. In Vol. 14, Texas Jurisprudence, Page 760, the applicable rule is thus stated: "The use of the words 'sold and conveyed' and words of like import are presumptively words of conveyance 'in praesenti'. Yet, if from the whole instrument it is manifest that further acts and conveyances were contemplated by the parties, the writing will be considered an agreement to convey and not a conveyance" of Snow v. Prince et al., Tex. Com.App., 13 S.W.2d 342.

Thus on its face the instrument with its provisions for acceptance of title and other like clauses, shows clearly enough that it was not, and was not intended to be, a deed but a contract which should eventuate in one. As to the homestead tract, the instrument being but a contract to convey was therefore one which was from the beginning not enforceable. Evans et al. v. Mills et ux., 5 Cir., 67 F.2d 840; Pickens et al. v. Bacle et al., 129 Tex. 610, 104 S.W.2d 482, 105 S.W.2d 212; Jones v. Goff, 63 Tex. 248; De Bell v. Schuetz, Tex.Civ.App., 65 S.W.2d 413; Volume 22 Texas Jurisprudence, pages 112, 113; Cates et al. v. Greene et ux. Tex. Civ.App., 114 S.W.2d 592.

As to the second tract the instrument was on its face inoperative as a conveyance and under the allegations of the complaint that the things to be done in order to make it effective as such were never done, it is quite plain that it never became so operative.

The court erred therefore in sustaining the motion to dismiss and for that error the judgment must be reversed and the cause remanded for further and not inconsistent proceedings.

---

undivided one-half of all rights thereunder.

"It is hereby mutually agreed between the parties hereto that the price above shown to be paid for the above described mineral rights and royalties shall be paid in the stock of The Continental Royalty Company at its par value, and further, that of the stock so paid 40% of same will be assigned by First parties to American Royalty Company in consideration of its services rendered and to be rendered, and the payment by American Royalty Company of all expenses of every kind of The Continental Royalty Company.

"It is further agreed that the above sale of mineral rights is conditioned on a good and merchantable title to said property; abstract of which brought down to date shall be furnished by First parties, and further, this contract shall not become binding on Second party until approved by its Board of Directors, and accepted by the Board of Appraisers of The Continental Royalty Company, which approval and acceptance must be made not later than ten days after receipt of abstract of title as above mentioned, or this contract becomes null and void.

"It is agreed that notice of such approval or acceptance shall be given to said First party either by registered mail or in person.

"The First party hereby agrees to pay off and discharge any and all incumbrance now or hereafter existing on said property described promptly upon maturity, including taxes and assessments of all kinds, and should First party fail or refuse to do so, it is agreed that the said The Continental Royalty Company may do so and shall thereupon become fully subrogated to all rights of owners or holder of any such encumbrances, taxes or assessments.

"It is understood that this contract is executed in duplicate, either or both of which shall be deemed and held to be original for all purposes.

"Witness our hands this 31st day of August, 1920.

"Oland Jones,
"Jerry Jones,
"Mary Jones."