**GLOVER et al. v. DONOHOO et al.**
No. 4466.

Court of Civil Appeals of Texas. El Paso.
July 18, 1946.

Rehearing Denied Sept. 26, 1946.

532

Stubbeman, McRae & Sealy, of Midland, and Kerr & Gayer, of San Angelo (William B. Neely, of Midland, of counsel), for appellants.

Klapproth & Hamilton, of Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Midland County. H. W. Donohoo and Paul Houston sued Martin Glover Company, Midland National Bank and Magnolia Petroleum Company in trespass to try title to recover lots 1, 2, 3, 4, 5 and 6 in Block D, Garrett Place Addition to the town of Midland. The petition was in the ordinary form in trespass to try title, save that title was likewise asserted under the three year statute of limitation. The named defendants each and all filed answers and each plead by way of cross action over against the plaintiffs each seeking to foreclose a judgment lien against the property. To such cross action H. B. Dunagan, Sr., H. B. Dunagan, Jr., and Clint Dunagan were made cross defendants. The cross defendants filed a disclaimer.

The trial was to the court, without a jury. Judgment was rendered in favor of Donohoo and Houston against the corporate defendants and against defendants on their cross action seeking foreclosure of judgment liens. The original defendants have duly perfected this appeal from the judgment refusing a foreclosure of their alleged lien. The plaintiffs will hereinafter be designated as such and the original defendants as appealing defendants.

On motion of the appealing defendants the court filed findings of fact and conclusions of law. Said defendants excepted to these findings, and excepted to the court's refusal to make additional findings. Among other findings made were that the plaintiffs were entitled to recover under the three years statute of limitations and as bona fide purchasers; that H. P. Dunagan, Sr., the judgment defendant in the foreclosures sought never had any title to the property involved.

There is no material conflict in the testimony, although different inferences might be drawn therefrom.

It was agreed that the common source of title was Kate B. Elkin, the wife of W. B. Elkin. Plaintiffs to show title introduced in evidence a deed dated August 17, 1937, from Mrs. Kate B. Elkin and husband to Anna Faye Neill to the land in controversy. Another deed dated June 27, 1939, from the same grantors to the same grantees ratifying and confirming the deed of August 17, 1937; a deed from Anna Faye Neill and husband to Armo Spears dated January 27, 1942, filed for record January 29, 1942; a deed from Armo Spears and wife to plaintiffs dated April 25, 1945, filed for record April 27, 1945.

Appealing defendants do not claim title and possession of the property involved, but each assert a judgment lien against the property. Each had a judgment against H. B. Dunagan, Sr. These judgments, except that of the Magnolia Petroleum Company, were duly abstracted in Midland County prior to August 17, 1937. The judgment of the Magnolia Petroleum Company was duly abstracted in Midland County April 18, 1940. In any event it was so assumed in the oral argument.

The theory of the appealing defendants is that the property in controversy was the community property of H. B. Dunagan, Sr., and his deceased wife, Mary Jane Dunagan, and that by virtue of the filing of the abstracts their judgments in Midland County each became a lien against the property.

Mary Jane Dunagan died March 11, 1938. She was survived by her husband, H. B. Dunagan, Sr., and the following children: H. B. Dunagan, Jr., Anna Faye Neill, and

Clint Dunagan. Anna Faye Neill was the remote grantor of plaintiffs, and the conveyances to her form the first link in plaintiff's chain of title from the common source.

The appealing defendants offered in evidence the judgment and pleadings in cause No. 3118 on the docket of the District Court of Midland County, entitled Anna Faye Neill, et vir, v. W. J. Wooster, et al. In this cause Anna Faye Neill, joined by her husband, sought an injunction restraining W. J. Wooster from causing the Sheriff to sell the property here involved under an execution from the District Court of Howard County against H. B. Dunagan, Sr. In the amended petition of Anna Faye Neill the following allegations appeared:

"I.

"Plaintiff alleges that on or about the 17th day of August, A. D. 1937, Kate B. Elkin, joined pro forma by her husband, W. B. Elkin, as seller, contracted to sell to Mary Jane Dunagan, joined by her husband, H. B. Dunagan, as buyer, all of Lots 1, 2, 3, 4, 5 and 6, Block D, Garrett Place Addition to the Town of Midland, Midland County, Texas, on the terms of Two Hundred ($200.00) Dollars and the balance of Four Hundred ($400.00) Dollars paid at the rate of Fifty ($50.00) per month on or before the 20th day of each month thereafter with 8% interest. That it was agreed between the parties that a deed would be executed by seller and husband and placed in escrow in the Midland National Bank of Midland, Texas, to be delivered to buyer when escrow agent had received the total consideration as recited in said written contract and escrow agreement.

"That attached to said contract and escrow agreement was an executed deed from Kate B. Elkin and husband W. B. Elkin to Mary Jane Dunagan as her separate estate conveying all of the above described lots.

"II.

"Plaintiff alleges that the above described deed was never delivered to Mary Jane Dunagan, but that before said contract was paid out by Mary Jane Dunagan, that the said Mary Jane Dunagan died; that a few days prior to her death Mary Jane Dunagan, joined by her husband, H. B. Dunagan, gave all of her interest in and to the above described contract to this plaintiff herein, who is a daughter of Mary Jane Dunagan and H. B. Dunagan, and thereafter this plaintiff finished paying said executory contract. That B. C. Girdley was the agent who sold the above described property to plaintiff's mother and upon final payment for said property the said B. C. Girdley was requested to procure the proper conveyance from Kate B. Elkin and husband to this plaintiff; that the said B. C. Girdley did procure the conveyance from Kate B. Elkin and husband to this plaintiff and the same was filed of record in Volume 61, pages 167–168, of the Deed Records of Midland County, Texas; that said conveyance should have been made to this plaintiff on the 14th day of March, A. D. 1938, but for some reason unknown to plaintiff herein said deed shows to be executed on the 17th day of August, A. D. 1937".

In the answer of H. B. Dunagan, Sr., H. B. Dunagan, Jr., and Clint Dunagan, the following appeared:

"III.

. "Cross defendants H. B. Dunagan, H. B. Dunagan, Jr. and Clint Dunagan specifically disclaim any right, title, interest or estate in and to the real estate described in paragraph two, subdivision 'd', of cross plaintiff's original petition, in favor of Anna Faye Neill. And in this connection, allege that said property so described was the separate property of Mary Jane Dunagan during her lifetime and was given to Anna Faye Neill by Mary Jane Dunagan prior to her death."

The complete record in the case seems to have been offered in evidence by the appealing defendants, without reservation.

In the suit Wooster filed a cross action in which he sought foreclosure of a judgment lien arising by virtue of his levy of execution on the property, and by virtue of the filing of an abstract of judgment in Midland County. He made H. B. Dunagan, Sr., H. B. Dunagan, Jr., and Clint Dunagan additional parties defendant to his cross action. His judgment was against

H. B. Dunagan, Sr. He attacked the deed dated August 17, 1937, from Mrs. Elkin to Mrs. Neill, as a forgery, and averred the property was the community property of Mr. and Mrs. Dunagan and subject to the lien of his judgment. H. B. Dunagan, Sr., H. B. Dunagan, Jr., and Clint Dunagan disclaimed any interest in the property. The case was tried to a jury, the verdict found that the property was the community property of Mary Jane Dunagan and her husband; that some of the community funds of Mary Jane Dunagan and her husband went into the purchase of the property; that the amount of such funds was $500; that the property was not purchased in the name of Mary Jane Dunagan with the purpose of defrauding the creditors of H. B. Dunagan, Sr.

On the verdict the court entered judgment refusing plaintiffs all relief and decreeing and foreclosing a lien against plaintiffs and cross defendants. This judgment was paid off and W. J. Wooster executed a release of the lien and said release was duly filed of record in Midland County.

Beyond question plaintiffs had a chain of title from the common source. The question for determination is, did prior title from that source vest in the community estate of H. B. Dunagan, Sr., and Mary Jane Dunagan? It is thought to be elementary that the judgment in cause No. 3118 does not, as against these plaintiffs, establish that the property was the community property of Mr. and Mrs. Dunagan. The parties are not the same in that case as in this case. The appealing defendants would not have been bound by the judgment in cause No. 3118 had that judgment denied Wooster's lien. A party who is not bound by a judgment is not permitted to assert that another is bound by it.

Masterson v. Harris, 107 Tex. 73, 174 S.W. 570. Stated in another way the question is: Do the admissions contained in the pleadings of Anna Faye Neill and her husband, and of the husband and sons of Mary Jane Dunagan, establish as a matter of law that this property was in truth and in fact the community property of H. B. Dunagan, Sr., and his wife? Beyond question this admission was admissible in evidence. Anna Faye Neill was the first link in plaintiff's chain of title; it was made while she was in possession and claiming title. This admission by remote grantor is the only evidence that in any way tends to show that H. B. Dunagan, Sr., was in any way connected with the title to the property.

First let us carefully consider the terms of the alleged admission hereinbefore set out. Therein it is nowhere stated that the deed in question was ever placed in escrow in the Midland National Bank. It is stated that the deed was to Mary Jane Dunagan as her separate estate; that this deed was never delivered. It is thought that the appealing defendants relying on this admission in the pleadings are bound thereby. Another thing that is to be noted about this alleged contract is that it is between two married women, one selling her separate property and the other purchasing same to be her separate property. There is no averment that the deed alleged to have been executed by Kate B. Elkin, joined by her husband, was separately acknowledged by Mrs. Elkin. If we may assume from the averment that it was, then the contract was perhaps binding on Mrs. Elkin and capable of specific enforcement, if the deed was placed in escrow. Bott v. Wright, 62 Tex. Civ.App. 632, 132 S.W. 960.

It is elementary that the contract was not personally binding on Mary Jane Dunagan.

Assuming, however, that this deed was deposited in escrow with the Midland National Bank. The evidence there shows that Mary Jane Dunagan never was entitled to delivery thereof. Until she was entitled to delivery she was without title. That she paid something is fairly inferrable from the statement made in Mrs. Neill's pleadings, but there is no evidence as to the amount paid. If she failed to comply with the escrow it is elementary that Mrs. Elkin had a right to rescind same. By the same token it is thought there may be a voluntary rescission or abandonment of the contract, a voluntary rescission even though neither party was in default. If Mrs. Elkin rightfully rescinded same, either for failure to meet the conditions or by mutual agreement, then it is very clear the appealing defendants had no lien thereon.

It seems very clear that the alleged escrow deed was never delivered. The deed of August 17, 1937, to Anna Faye Neill was not the deed of the same date to Mary Jane Dunagan, if such a deed there was. The deed from Mrs. Elkin to Mrs. Neill conferred no title on Mary Jane Dunagan, her husband or her sons. There was no evidence of any express trust or that Mrs. Neill paid for the property with the community funds of Mr. and Mrs. Dunagan.

Unless the deed of August 17, 1937, was in consummation of an agreed rescission it amounted to a rescission of the contract of that date by Mrs. Elkin, but it is asserted that the deed and contract bear the same date. This is true. The deed in question is dated the 17th of August, 1937, and purports to have been acknowledged on the 19th day of August, 1937. Mrs. Neill's allegation is that she can not explain why the deed was dated August 17, 1937, but she was entitled to such a deed on the 14th day of March, 1938. It was filed for record on the 8th day of August, 1938, and of course, if not a forgery was executed prior to that date. There is no valid contention here that same was a forgery.

The contract between Mary Jane Dunagan and Kate Elkin as disclosed by the pleadings of Mrs. Neill was a mere executory contract to deliver a conveyance. In essence there can be little difference between a contract to deliver a deed in the future and a contract to execute and deliver a deed in the future.

 A married woman, joined by her husband, may convey her separate property, but an executory contract to convey same is not binding on her. Blakely v. Kanaman, 107 Tex. 206, 175 S.W. 674; Pickens v. Bacle, 129 Tex. 610, 104 S.W.2d 482, 105 S.W.2d 212.

 A wife can not bind herself by executory contract to pay for property conveyed to her as her separate property, although a down payment is made with her separate funds. Houston Loan & Investment Co. v. Abernathy, 131 Tex. 601, 117 S.W.2d 1089; Poe v. Hall, Tex.Civ.App., 241 S.W. 708; Guest v. Cox, Tex.Civ.App., 34 S.W.2d 301; Taylor v. Hollingsworth, 142 Tex. 158, 176 S.W.2d 733. No complete performance by Mary Jane Dunagan was shown of the contract set forth in Mrs. Neill's pleadings. Only after performance could Mrs. Dunagan or her heirs assert title. Underwood v. Hogg, Tex.Civ.App., 261 S.W. 556, writ refused; Norman v. Wilson, Tex.Civ.App., 41 S.W.2d 331, writ refused; 17 Tex.Jur. p. 97, par. 10; 17 Tex.Jur. p. 92, par. 5. The evidence fails to show that Mary Jane Dunagan or her husband ever entered into possession of this property. Under the contract as alleged she was not entitled to possession. 43 Tex.Jur. p. 251, par. 151.

In short, we hold if there ever was such a contract, as is sought to be shown by the admission of plaintiff's remote grantor, the evidence shows a legal rescission thereof. The admission as made does not show this property to have ever been the community property of Mr. and Mrs. Dunagan. If performance of the contract there had been, the property would probably have been the separate property of Mrs. Dunagan. The judgment creditors of her husband would not have had liens thereon. A verbal agreement to convey might not be binding under the Statute of Frauds, but here there has been a conveyance. It might be fairly inferred, we think, that Mr. and Mrs. Elkin made the conveyance on the direction of Mrs. Mary Jane Dunagan. Mrs. Dunagan, with the consent of her husband, had the right orally to transfer the contract of purchase to Mrs. Neill. Johnson v. Miller, 142 Tex. 228, 177 S.W.2d 249. In any and all events, it is shown that Mrs. Dunagan was not entitled to a conveyance. The two conveyances in question vested the fee simple title in Mrs. Neill. No right to such title was ever vested in Mrs. Dunagan. The title vested in Mrs. Neill free from any liens of the judgments of appealing defendants. If what we have said is correct it is unnecessary to consider the assignments attacking the finding that plaintiff had title under the three year statute of limitation, likewise unnecessary to consider the finding that plaintiffs were entitled to protection as bona fide purchasers.

Finding no error, it is ordered that the judgment be in all things affirmed.