**FARMERS ROYALTY HOLDING CO. et al.
v. ANGLIN et ux.**

No. 6303.

Court of Civil Appeals of Texas. Texarkana.

Oct. 14, 1947.

Rehearing Denied Oct. 23, 1947.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, and Savage, Gibson & Benefield and Whitten & Whitten, all of Oklahoma City, Okl., for appellants.

Sellers, Fanning & Edwards, of Sulphur Springs, for appellees.

WILLIAMS, Justice.

Appellees, J. R. Anglin and Reba, his wife, plaintiffs below, on November 18, 1931, executed two instruments, each of which appears to be a mineral deed, regular in form, with general warranty of title, and which purport to convey for a recited nominal consideration a 3/8 undivided mineral interest to appellant Farmers Royalty Holding Company, a defendant below, and to G. T. Blankenship, its president, a 1/8 undivided interest under a 40-acre tract out of the J. S. Richey Survey in Hopkins County, Texas, belonging to plaintiffs.

At the same time and at the same place plaintiffs also executed an employment contract which recites that said Blankenship was being employed by them to sell or pool above mentioned 3/8 undivided interest to above named defendant, and for his services plaintiffs were to convey to him an undivided 1/8 mineral interest in the tract. This contract further recited that plaintiffs would accept in full payment of the 3/8 mineral interest shares in above company at the rate of one share of the par value of $1 for each acre of minerals conveyed to the company; and that all acreage in contracts similar to this made by other landowners and Blankenship were to be the same price. The contract contemplated a minimum of 5000 full mineral shares to complete the pool, and only then "provided its location is such as to be advantageous to the company to be organized." Each of the three instruments purport to have been signed and acknowledged in statutory form by the plaintiffs before one G. A. Maddoz, a notary public. The evidence is without conflict that one C. S. Pruitt as agent of above company and as agent for Blankenship, its president, prepared or caused to be prepared the two mineral deeds and contract; negotiated the deal and obtained the signatures of plaintiffs thereto, and the delivery of all three instruments to him at the

same time in the home of plaintiff on November 18, 1931. About a month later plaintiffs received fifteen shares of stock in above company. The two mineral deeds were filed for record February 1, 1932. Blankenship conveyed on February 8, 1932, his 1/8 mineral interest to above company and an associated company which deeds were shortly thereafter recorded.

To sustain the judgment which awarded plaintiffs title and possession to the tract of land; which cancelled above two mineral deeds; and which removed cloud cast upon their title by reason of the recordation of the instruments, plaintiffs alleged in their pleadings in the suit filed in 1945, and here assert that the two mineral deeds were void from the beginning and further that the three instruments when considered collectively constituted an executory contract, and whether weighed separately or collectively were ineffective and invalid to convey the alleged mineral interests grounded upon the implied findings of the trial court: (1) That on November 18, 1931, prior thereto and at all times since, the tract involved was the community homestead of plaintiffs; (2) that Reba Anglin, the wife, did not acknowledge or subject herself to the jurisdiction of a notary public for the purpose of acknowledging any one of the three instruments; and (3) that the contract and deeds under all the acts and conduct of the parties constituted an executory contract to convey.

■■ Under the facts and circumstances surrounding the execution of the three instruments and weighing the provisions of the employment contract, Laird v. Laird, Tex.Civ.App., 52 S.W.2d 1113, it is apparent that the transaction as a whole represented an executory contract on the part of plaintiffs to convey certain mineral interests, for further acts remained to be done, such as a minimum of 5000 acres to be obtained for the pool at the same price per acre; and this to be "selected according to its location by the company to be organized." Appellants contend that the wife's acknowledgment to the instruments was unnecessary because such an alleged conveyance would not interfere with the wife's right to occupy the premises as a home.

The forty-acre tract is now and has been at all times here involved the community homestead of plaintiffs. The minerals attempted to be conveyed were a part of this homestead and to effect a valid conveyance of the minerals or a contract to convey same under this record required the acknowledgment of the wife in the manner and form required by Art. 6605, R.C.S. of Texas 1925. See also Arts. 1300 and 4618, R.C.S. of Texas 1925; Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472, 476; Stephenson v. Mallett, Tex.Civ.App., 240 S.W. 633; Pickens v. Bacle, 129 Tex. 610, 104 S.W.2d 482, 105 S.W.2d 212; Jones v. Continental Royalty Co., 5 Cir., 115 F.2d 731.

■ In appellants' attack upon the implied finding of the trial court that the wife did not acknowledge or subject herself to the jurisdiction of a notary public for the purpose of acknowledging any of the three instruments, it is asserted "that the testimony of interested parties and a discredited notary that the wife did not acknowledge the instruments, as recited in each, is insufficient as a basis for such findings." We are in accord with appellants' position as held in Texas Osage Co-Operative Royalty Pool v. Sullivan, Tex.Civ.App., 93 SW.2d 566, that the uncorroborated testimony of interested parties to a conveyance should be insufficient to impeach a certificate of acknowledgment.

■■ The impeachment of the notary's certificate does not rest alone upon the testimony of Anglin and his wife. Such a fact is recognized in appellants' brief wherein it is stated, "Here, while there is ostensibly corroboration of the testimony of the interested parties, the whole set of alleged circumstances are so unnatural, so highly improbable and patently colored that no unbiased court should look upon them as corroboration." According to the notary's testimony, he accompanied Mr. Pruitt, the agent, in securing acreage from various parties for the pool with instructions which he followed, not to bother with taking any acknowledgment but to fill in the acknowledgment certificate when he returned home. Omitting further details of what was said and done at the time the instruments were signed, it is sufficient to say that the credibility of the notary and the weight to be attached to his testimony rested with the trial court. A careful review of this evidence does not warrant this court to disturb the implied findings that the wife did not acknowledge or subject herself to the jurisdiction of the notary for the purpose of acknowledging either the mineral deeds or the alleged invalid contract to convey in the future any part of her homestead.

We deem it unnecessary from above conclusions to discuss the alleged acts of fraud or the plea of limitation urged thereto. Others named as defendants along with above company made a common defense.

The judgment is affirmed.