**LAIRD et al. v. LAIRD.**

No. 4225.

Court of Civil Appeals of Texas. Texarkana.

July 15, 1932.

Rehearing Denied Sept. 1, 1932.

Smith & West, of Henderson, and R. E. Seagler and Williams, Lee, Hill, Sears & Kennerly, all of Houston, for appellants.

Sewell, Taylor, Morris & Garwood, of Houston, and Futch & Weldon, of Henderson, for appellee.

WILLSON, C. J. (after stating the case as above).

■ The deed referred to in the statement above and the instrument set out in full in said statement were executed by the parties thereto at one and the same time, and were intended to evidence the transaction between them now in controversy here. Hence the two instruments should be treated as one in determining rights conferred and obligations imposed upon said parties. Appellants' contention is that so treating the instruments, it appeared therefrom as a matter of law that an enforceable obligation in appellee's favor was not imposed upon John H. Laird nor upon them as his vendee.

■■ We think the contention should be sustained. As we construe the language used by the parties, it is plain that the effect of the instruments was to pass the legal title to appellee's interest in the land, including the minerals, to John H. Laird, charged with a right in appellee to have his grantee, at some time in the future not specified, to convey to him a leasehold interest, commencing at a date not specified, for fifteen years in seven-eighths of the minerals. Was the right in appellee enforceable? Appellant insists it was not, because of the provision in the statute of frauds (article 3995, R. S. 1925) that "no action [quoting] shall be brought in any court * * * upon any contract for the sale of real estate or the lease thereof for a longer term than one year," unless the contract or some memorandum thereof was "in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized."

To comply with the requirement of the statute, a writing must contain the terms of the contract, and when it does not do so, or "shows expressly or inferentially that there are terms which it either does not state or does not clearly and sufficiently state" (27 C. J. p. 227, § 334), it is within the inhibition in the statute and not enforceable. See Cantrell v. Garrard (Tex. Com. App.) 240 S. W. 533, and 27 C. J. p. 279, § 336, where it is said: "A written agreement for a lease, or memorandum thereof, must state the conditions upon which the lease is to be executed, and the terms which it is to contain. It must show the commencement and duration of the term of the lease."

■ It will be noted that while the time of the duration of the lease was specified, the time when it should commence was not. It will be noted, further, that it appeared from the face of the contract that it was subject to terms not only not clearly stated but not stated at all. Therefore it is plain enough, we think, the contract was not one on which appellant could maintain an action for either specific performance or for damages.

■ Appellee's contention to the contrary is on the theory that the real title to the minerals remained in him and did not pass to John H. Laird; or, if the title did pass to said John H. Laird and from him to appellant S. S. Laird, they held same in trust for him (appellee). We do not think the contention is sustainable on either of the grounds stated. Repeating, we think the plain effect of the instruments was to presently pass the title to John H. Laird and not to leave same in appellee until the "lease was made effective." In support of the other ground of the contention it is argued that appellant S. S. Laird holding title, it is asserted, to an interest in the minerals as trustee for appellee, violated the trust when he conveyed to Bateman, trustee, and Warner-Quinlan Company, as shown in the statement above. It is insisted that Bateman and said Warner-Quinlan Company were in the attitude of innocent purchasers, so that the trust could not be enforced against them, and that appellants therefore were liable to appellee as determined by the trial court. But, as we have seen, as we view the matter it not only did not appear that John H. Laird and S. S. Laird, respectively, held the title to the minerals in trust for appellee, but, on the contrary, it appeared that they took and held the absolute title to the land.

The judgment of the court below will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellants.