## SNEED v. LESTER et al.
### No. 4559.

Court of Civil Appeals of Texas. Texarkana.
Oct. 29, 1934.

Rehearing Denied Nov. 1, 1934.

Bishop & Holland, of Athens, for appellant.

McEntire, James & Clower, of Tyler, for appellees.

SELLERS, Justice.

This suit was brought by J. B. Sneed against W. V. Lester and the Trico Oil Company in the district court of Rusk county to enforce by specific performance a certain contract entered into by Sneed and Lester for the sale and purchase of a certain oil and gas lease on ten acres of land, a part of the Daisy Bradford tract out of the Ximines survey in Rusk county; and in the alternative the plaintiff sought damages for the breach of the contract.

The contract sought to be specifically performed is as follows:

"The State of Texas, County of Dallas:

"This Memorandum of Agreement by and between W. V. Lester and J. B. Sneed, Witnesseth:

"Said Lester has agreed to assign a certain oil lease to J. B. Sneed on 10 acres of land out of the Southwest part of the Daisy Bradford Tract, out of the Ximines Survey, in Rusk County, Texas, for the consideration of Two Thousand ($2,000.00) Dollars per acre, or a total consideration of Twenty ($20,000.00) Thousand Dollars, to be paid out of ¼ of ⅞ of oil as produced. When put on pump said oil payment out of oil to be reduced 1/32.

"It is contemplated by the parties hereto that title can be examined and approved and permit obtained within a period of time not exceeding thirty days, both parties agreeing to use all due diligence to expedite the same, and Sneed agrees to commence a well on said land within thirty days after approval of title, and obtaining of permit, or this contract to be forfeited and cancelled.

"Witness our hands in duplicate, this the 20th day of July, 1932.

> "W. V. Lester,
> "J. B. Sneed."

It is alleged that Lester, acting for himself and as agent for and in behalf of the Trico Oil Company with full authority to act for said company, entered into the above contract. The plaintiff in his petition, among other matters, further alleged:

"That in connection with said memorandum of agreement and as a part thereof the said Lester also at said time delivered to plaintiff a plat and map showing the exact location of said land on said Daisy Bradford tract, which said plat and map is attached hereto and made a part of this petition and marked exhibit "A"; that pursuant to, in connection with and as a part of said memorandum of agreement the said Lester thereafter on the 12th day of August, A. D. 1932, delivered to plaintiff an abstract of title to the tract of land set out in said memorandum of agreement, which said abstract was an instrument in writing showing all instruments in writing of record in Rusk County, Texas; pertaining to and affecting the title to said tract so set out and fully described same and the terms of the lease mentioned in said memorandum of agreement. That the description of said lease which was to be assigned to plaintiff and the tract of land is shown in said abstract as follows: In lease from Daisy Bradford to C. M. Joynor, Trustee, of date August 11th, 1925, and recorded in Volume 126, page 132–4, Deed Records of Rusk County, Texas; in assignment from Pearl H. Currin and O. Currin to W. V. Lester of date November 1st, 1930, recorded in Volume 156, page 265, Deed Records of Rusk County, Texas; in assignment from W. V. Lester to Trico Oil Company of date

November 1st, 1930, recorded in Volume 156, page 266, Deed Records of Rusk County, Texas; that a copy of said instruments as shown in said abstract are attached hereto and made a part hereof for all purposes and marked exhibits 'B,' 'C,' and 'D,' respectively.

"Plaintiff would show that said abstract so delivered to plaintiff in connection with, pursuant to and as a part of said contract and memorandum sets out and fully describes said lease and land, and that the existence of said lease and all the terms thereof were known to plaintiff and defendants and were in contemplation as the exact lease to be assigned under the terms of said memorandum of agreement.

"Plaintiff would show that the contemplated examination of title in said memorandum had direct reference to the records of deeds and all other instruments in Rusk County, Texas, where said lease was of record, and that the delivery of said abstract showing same and title to same was in direct compliance with the contemplation expressed in said memorandum."

The defendants in their answer pleaded the statute of frauds in bar of the cause of action as alleged by the plaintiff. The court heard the evidence offered by both parties and at the close of the evidence instructed the jury to return a verdict for the defendants and entered judgment in accordance therewith. From this judgment the plaintiff has duly prosecuted this appeal.

The one question to be determined on this appeal is whether the written agreement for the assignment of an oil lease sought to be enforced comes within the operation of what is familiarly known as the statute of frauds (Vernon's Ann. Civ. St. art. 3995). We think this question must be answered in the affirmative; that the agreement as appears in the writing is within the inhibition of the statute of frauds because it fails to state with reasonable certainty any description of the lease referred to sufficient to identify it and thus enable the court to decree performance. In the first place, appellant cannot aid the contract signed by the parties by allegations that the appellee Lester furnished the appellant at the time the contract was executed, and as a party thereof, a map showing the exact location of the land, and that such appellee also furnished an abstract as a part of the memorandum agreement which fully described the land and the lease mentioned in the agreement. This would allow the very object of the statute to be thwarted by indirec-

tion. It is essential that the memorandum or writing itself must state with reasonable certainty the essential elements of the agreement or by a reference contained in it to some other writing. 27 C. J. § 319, p. 269. As clearly stated in Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 104, 105, and quoting therefrom: "That no part of such contract is more essential than that which identifies the subject-matter of the agreement." And looking to the writing, standing by itself, it will be readily observed that it fails to describe the lease, and especially in the particular of the terms thereof, or refer to it sufficiently to identify it without the aid of parol testimony. It merely generally refers to "a certain oil lease" of a ten-acre tract of land, without stating the parties who had executed the lease, and without reference in any wise to the registration of the same, or date and book and page of record. The description of the lease being insufficient to identify the same, and therefore insufficient to meet the requirements of the statute, such a contract is unenforceable in this state. Cantrell et al. v. Garrard (Tex. Com. App.) 240 S. W. 533.

The judgment of the trial court is affirmed.