## DOUGLASS et al. v. TEXAS–CANADIAN OIL CORPORATION.
### No. 13364.

Court of Civil Appeals of Texas. Dallas.

Feb. 5, 1943.

Rehearing Denied March 12, 1943.

Robert M. Vaughan, of Dallas, for appellants.

Weeks, Hankerson & Surles, of Tyler, for appellee.

BOND, Chief Justice.

Appellants instituted this suit for damages growing out of an oil and gas leasehold transaction. In their petition, they allege that appellee agreed to pay them the sum of $1,855, for a lease on a 37.1-acre tract of land in Wood County, Texas, for which appellee executed and delivered to them a draft on Tyler State Bank & Trust Company. Copies of the lease and draft were attached to plaintiffs' petition and made a part thereof. The petition is quite lengthy, necessitating drawing of conclusions from the facts recited.

The negotiated contract leading up to the execution of the lease and draft was oral, full of wishful hope and promises usually incident to transactions in undeveloped "wildcat" oil fields, which plaintiffs here contend were inducing fraud and deception practiced upon them to cause the execution of the lease, thus encumbering the estate, pending outcome of an oil and gas well then being drilled on adjoining acreage; so that, in the event the well should come in productive of oil and gas, the defendant could and would then complete the sale by having the draft honored by the Tyler Bank, otherwise have the draft dishonored; that the draft was so drawn to thus deceive plaintiffs as to the true intent and purposes of the drawer.

Plaintiffs' cause of action apparently is based on the theory that the contract of purchase, evidenced by the lease and draft, was an executed transaction, hence the Statute of Frauds, § 4, Art. 3995, Vernon's Tex.Civ.St.Ann., has no application; and if, perchance, the contract should be obnoxious to the statute, the alleged fraudulent representations, artifice and deceit practiced upon plaintiffs, resulting in the execution of the lease, thus surreptitiously withholding the leasehold estate from the market, caused plaintiffs to sustain damage in the sum of $1,855 actual and $2,000 exemplary. The petition, we think, relates facts that would reasonably sustain plaintiffs' cause of action, if, in fact, there was an executed contract, and one not obnoxious to the Statute of Frauds, which requires all contracts for the sale of land to be in writing and signed by the party charged therewith.

The trial court sustained several special exceptions to the petition, on the ground that the allegations therein, including the lease and draft attached thereto as exhibits, show that the contract of sale was oral and that the lease and draft were not sufficient written memorandum agreement thereof to bring the transaction within the purview of the Statute of Frauds; and that the fraudulent representations leading up to the execution of the lease and draft were not sufficient to entitle plaintiffs to recover either the alleged purchase price or damage for the failure of defendant to carry out the contract of purchase and sale. The exceptions evidently went to the heart of plaintiffs' cause of action and, they declining to amend, the court entered an order dismissing the suit.

Plaintiffs' petition, in the light of the points upon which they predicated their appeal, briefly stated, shows: (1) That the draft, signed by an authorized agent of appellee, was a sufficient memorandum, in writing, to satisfy the Statute of Frauds; (2) that if not, the petition shows an executed contract—the lease—executed and delivered in a manner agreed upon, the Bank being the conduit, or delivery agency, and the draft attached thereto evidenced the consideration, hence plaintiffs were entitled to complete performance; and (3) that the fraudulent representations, artifice and deception alleged, in equity, relieves the verbal contract from the Statute of Frauds, thus allows appellants to recover damages, both actual and exem-

plary, notwithstanding that the contract is obnoxious to the statute.

Briefly, the facts alleged are: That on March 8, 1941, at Dallas, Texas, appellee, acting through its duly authorized agent, A. C. McGahhey, verbally agreed to purchase from them, and they agreed to sell to appellee an oil and gas lease on an undivided one-half interest in a 74.2-acre tract in Wood County, Texas, fully described in a lease executed by them to appellee for an agreed consideration of $1,855; that, in pursuance to their verbal agreement, appellants executed the lease, attached same to a draft drawn by appellee's said agent on appellee's account, and directed to the Tyler State Bank & Trust Company, at Tyler, Texas; that it was agreed, and manifestly was the intention of the parties, that the payment of the draft was to be the consideration for the lease; and that it was so deposited in the First National Bank of Dallas, Texas, to be conveyed in the usual course of banking to the Tyler Bank, and by it paid and charged to appellee's account. The draft was attached to the lease and when presented to the Tyler Bank, was dishonored at the instance of appellee, hence not paid, and the lease agreement was not accepted, solely because of the well on the adjoining land coming in nonproductive of oil and gas. The draft was in the usual commercial form, executed by an alleged agent of appellee. The draft expressly recited that it was given "for 37.1 acres of land in Wood County, Texas," and that it was "subject to full lease on 74.2 ac. lease." The draft, with its recited consideration and limitation, is the basic ground of this controversy. On this issue, appellants allege: "That after plaintiffs had duly executed said oil, gas, and mineral lease the defendant acting by and through its said agent, McGahhey, duly accepted same in writing, by its execution and delivery to plaintiffs of its draft dated March 8, 1941, in the sum of $1855.00; in words and figures as per exhibit "B" attached hereto; that, by the acceptance of said oil, gas, and mineral lease through and by the execution of said draft, defendant became bound and obligated thereby as an executed transaction acting by said agent McGahhey."

 We do not think the draft is a sufficient memorandum of the promise or agreement to purchase the lease to satisfy the Statute of Frauds, hence appellants cannot recover the amount of the purchase

money verbally agreed to be paid, or damages for breach of the verbal agreement to purchase. The recited consideration was "37.1 acres of land in Wood County, Texas," which evidently was insufficient to identify the land as a basis for the lease, and the limitation that it was "subject to full lease on 74.2 ac. lease" makes of it an executory agreement, hence insufficient to meet the requirements of the statute; therefore, plaintiffs cannot recover for any breach thereof. Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959; Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533. In the Taber case, the memorandum signed by Taber called for "One hundred and sixty acres of oil and gas leases," along with a meager description of the assignment alleged to have been purchased. Our Supreme Court, speaking through Judge Brewster, said, after reciting the facts [139 Tex. 395, 162 S.W.2d 961]: "Therefore, we hold that since essential elements of the subject matter attempted to be dealt with in the memorandum signed by Taber could not be identified within the terms of the instrument itself or any writing referred to by it as then in existence, respondent, as assignor of Ranco Oil Corporation cannot recover thereon either for specific performance or for damages." Citing Laird v. Laird, Tex. Civ.App., 52 S.W.2d 1113 (error refused); Sneed v. Lester et al., Tex.Civ.App., 76 S.W.2d 802 (error refused); Cantrell v. Garrard, supra. In the Cantrell-Garrard case, Garrard agreed to sell to Cantrell "an oil and gas lease" on 20 acres of land in Wichita County, for fifty thousand dollars, payable upon examination and approval of the title. The 20 acres were adequately described in the lease. So, in the present case, assuming the allegations in appellants' petition to be true, appellants agreed to sell appellee an oil and gas lease on a 37.1-acre tract in Wood County, Texas, for $1,855, payable upon condition, or subject to purchase of the 74.2-acre lease, of which the 37.1-acre lease was a part. In the Cantrell case, the Supreme Court held that the memorandum signed by Garrard was insufficient to meet the requirements of the Statute of Frauds, hence Garrard was not entitled to recover; citing numerous authorities.

We think the above cases are decisive of this case. The judgment of the court below is affirmed.

Affirmed.