## MOORE BROS. v. KIRKPATRICK.

### No. 2357.

Court of Civil Appeals of Texas. Eastland.
April 23, 1943.

Rehearing Denied May 21, 1943.

**136**

Whitaker, Perkins, Turpin & Smith, of Midland, for appellants.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

GRISSOM, Justice.

Moore Brothers, a partnership, composed of John I. and P. D. Moore, filed this suit against E. E. Kirkpatrick individually and as the survivor of a partnership formerly composed of Kirkpatrick and George E. Lamb, which partnership had been dissolved by the death of Lamb. The purpose of the suit was to compel Kirkpatrick to convey to Moore Brothers an undivided one-half interest in an oil and gas lease, "together with a like interest in and to the equipment and personal property in the well on said land and on said land for the purpose of developing and operating same for oil and gas."

Plaintiffs alleged that it is customary in the oil business to make conveyances of oil and gas leases effective as of either the preceding or succeeding first day of the month, and to make them include the personal property used in connection with the leasehold estate, including the oil on hand as of the effective date.

The contract sought to be specifically enforced, plaintiffs alleged, was constituted by exchange of the following letters:

"September 22, 1941
"Mr. John I. Moore
"Midland, Texas
      "Re: Harding Well No. 1
"Dear John:

"I have talked with Kirk about the settlement of the controversy which we have been discussing for sometime and told him that you said you would be willing to pay $1,000.00, less the amount of unpaid operating expenses which you have charged to Kirkpatrick and Lamb. He didn't seem to know anything about the operating expenses, but authorized me to say that he would convey the interest of Kirkpatrick & Lamb in the lease and the equipment for the $1,000.00 cash, plus whatever amount you may show on your books as due for that partnership's portion of the operating expenses.

"If you wish to accept this proposition, please have a conveyance prepared. In this connection, I call your attention to the fact that the interest is owned by the co-partnership of Kirkpatrick & Lamb, which, prior to Mr. Lamb's death, was composed of E. E. Kirkpatrick, and George E. Lamb. Under the law, Mr. Kirkpatrick, who is the surviving partner, can make the conveyance for the co-partnership, and he can also execute it individually if you like.

               "Yours very truly
                    "Mark McGee".

               "September 25, 1941
"Mr. Mark McGee
"% Samuels, Foster, Brown & McGee
"Fort Worth, Texas
          "Re: Kirkpatrick & Lamb,
               Interest Harding No. 1
               Well, Howard County,
               Texas.
"Dear Sir:

"I have your letter of September 22 further in regard to the proposed purchase of the above captioned interest in the J. B. Harding No. 1 well and the 80 acres on which same is located.

"We are willing to purchase Kirkpatrick & Lamb's one-half interest in said property at one thousand ($1,000.00) dollars cash and waive all back operating and lease equipment costs unpaid for by said partnership, providing this deal is consummated as of September 1, 1941; in other words, we wish the instrument to be executed as of September 1, 1941, so that we may place Magnolia Petroleum Co. on notice before issuing the check for the September oil runs, or with the agreement that Kirkpatrick & Lamb will refund the check to us, if same goes to them, providing further that they will not be billed for any operating expense for the month of September, 1941.

"We have consulted with our attorney, Mr. Robert M. Turpin of Whitaker, Perkins & Turpin, of this city, and it is his suggestion that the instrument be executed by Mr. Kirkpatrick and the heirs of Geo. E. Lamb, Mr. Turpin states that there may be executed articles of partnership which would allow the instrument to be assigned, as you suggest, but that we should require, at least, a ratification of the heirs of Mr. Lamb; furthermore, we would wish to see a certified copy of the probate proceedings of Mr. Lamb's estate. I suggest that you get in touch with Mr. Turpin direct at your earliest convenience, if you have any different ideas as to the execution of the instrument. When the instrument has been executed and approved by Mr. Turpin, we

will instruct the bank here to honor sight draft for $1,000.00 on delivery of same. I am

"Very truly yours,
"John I. Moore".

Defendant answered, among other things, that plaintiffs' cause of action was predicated upon an alleged agreement to purchase an interest in an oil and gas lease, and that the agreement which plaintiffs sought to enforce violated Art. 3995, the Statute of Frauds, Vernon's Ann.Civ.St., because the agreement alleged failed to identify the subject matter of the alleged agreement, to wit, the oil and gas lease.

Upon a trial to the court, judgment was rendered for defendant. Plaintiffs have appealed.

■ In a suit for specific performance of a contract within the Statute of Frauds, where that statute is asserted as a defense, it is necessary that the written memorandum show an agreement. A meeting of the minds of the contracting parties must be shown by the writing. Patton v. Rucker, 29 Tex. 402, 408; Central State Bank v. Godfrey, Tex.Com.App., 29 S.W.2d 1015; Walker Avenue Realty Co. v. Alaskan Fur Co., Tex.Civ.App., 131 S.W.2d 196, 198, writ refused; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, 499; Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662, 664.

■■ The offer, evidenced by the letter signed by defendant's agent, McGee, and plaintiffs' answer thereto, claimed by plaintiffs to be an acceptance of said proposal, which was a conditional, qualified acceptance of the proposal with additions to the offer did not show a meeting of the minds, nor an acceptance of defendant's offer. It was, on its face, a counter-offer and a rejection of defendant's offer. "An acceptance of a proposal to sell, in order to bind the maker of the proposition and conclude the contract, must be unconditional and unqualified. The exact terms of the proposition, without addition or variation, must be acceded to before the proposition is withdrawn; otherwise, the maker of the proposition is not bound by the acceptance." Patton v. Rucker, 29 Tex. 402, 408. See also 10 Tex.Jur. 42; Restatement of the Law of Contracts, Vol. 1, page 66; 13 C.J. 281; 17 C.J.S., Contracts, § 43; 6 R.C.L. 608.

■ Plaintiffs contend the court erred in refusing to permit them to file a trial amendment at the end of plaintiffs' closing argument. In the proposed trial amendment plaintiff alleged that the letter from McGee to John I. Moore, dated September 22, 1941, heretofore quoted, was an acceptance of a verbal offer made by Moore on September 20th. The petition upon which plaintiff went to trial alleged McGee's letter constituted an offer and Moore's reply thereto constituted an acceptance of said offer. McGee's letter on its face showed it was not an acceptance but an offer. It showed that Moore's previous verbal offer, as understood by McGee, was rejected, not accepted. If the amendment had been permitted, the writing that plaintiffs then would have relied on as an acceptance by McGee showed there was no meeting of the minds and was insufficient under the Statute of Frauds. Therefore, the refusal of permission to amend could not constitute reversible error. Under the circumstances the result would have necessarily been the same. Furthermore, it is not apparent that the case was tried upon the theory that the contract asserted by the trial amendment was an issue to be determined. Testimony as to Moore's verbal offer of September 20th, alleged in the proposed trial amendment, was offered and admitted over defendant's objection, apparently on the theory that such proof would show that Moore's letter of September 25th, conditionally accepting McGee's offer of September 22d, that is providing the deal was "consummated as of September 1, 1941", etc., was not a counter-offer, but actually an acceptance of McGee's said proposal as verbally agreed upon by the parties.

■ Defendant's second counter-point presents another reason why the judgment should be affirmed. It is in substance that since the written memoranda relied on does not within itself or by reference to another writing show the terms of the original lease, a part of which lease was to be assigned to Moore Brothers, it is violative of the Statute of Frauds. Under the decisions of our Supreme Court and those approved by it, this contention must be sustained.

In Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533, 534, the Commission of Appeals in discussing an assignment of 20 acres out of an existing 80 acre oil and gas lease said: "The lease itself constituted the subject-matter of the contract. The land upon which the lease was given was one of the essential elements of descrip-

tion, but not by any means the only one. The term for which the lease was to run, the time for beginning drilling operations, the time and amount of payments in lieu of drilling operations, and the amount to be paid for gas produced, were also essential elements of description." This decision was followed and approved by our Supreme Court in the recent case of Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 961, 141 A.L.R. 808. See also Taubert v. Earle, Tex.Civ.App., 133 S.W.2d 145, 150, writ refused; Sneed v. Lester, Tex.Civ.App., 76 S.W.2d 802, 803, writ refused; Douglass v. Texas-Canadian Oil Corporation, Tex.Cr.App., 169 S.W.2d 198; 3 Summers Oil & Gas, Permanent Ed., § 543, p. 246.

Since plaintiffs' alleged cause of action cannot be enforced against the defense asserted, it is unnecessary to discuss in detail the points presented.

The judgment is affirmed.