## NORSWORTHY v. HEWGLEY et al.
### No. 4749.

Court of Civil Appeals of Texas. El Paso.
July 12, 1950.

Rehearing Denied Aug. 2, 1950.

Whitaker, Turpin, Kerr, Smith & Brooks, Midland, Biggers, Baker & Lloyd, Dallas, Chandler Lloyd and Spencer Carver, Dallas, of counsel, for appellant.

Seeligson, Cox, Patterson & Grant, San Antonio, Stubbeman, McRae & Sealy, Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Midland County, Texas, sustaining certain special exceptions of defendants to plaintiff's petition, and plaintiff declining to amend ordering the dismissal of the suit.

Clarence Norsworthy, Jr., as plaintiff filed suit against J. M. Hewgley, Jr., J. M.

Hewgley, C. F. Urschel and C. F. Urschel, Jr., and the Slick-Moorman Oil Company, seeking the specific performance of a contract to convey to him certain oil and gas leases for the sum of $41,000. This contract was alleged to have been the result of telegrams exchanged between said Norsworthy and the agent of the above named defendants. Same will be hereinafter set out in full.

Defendants by the way of special exceptions invoked the Statute of Frauds, art. 3995, Subdivision 4, Texas Revised Civil Statutes. If the court erred in sustaining the special exceptions of defendants invoking the Statute of Frauds the case should be reversed, otherwise affirmed. The petition of plaintiff is sufficient to state a good cause of action for specific performance if the writing relied upon is sufficient under the Statute of Frauds. The alleged contract of defendant with plaintiff is embodied in the following three telegrams:

"1949 Aug 20 PM 6 32

DA 136

J. D. Erwin

Scharbauer Hotel Midland Tex.

This Telegram Will Confirm Deal That We Have This Day Made And Agreed To By Telephone Deal Being As Follows I Agree To Purchase Four Hundred Fifty Acres Of Oil And Gas Leases From C. F. Urschel And J. M. Hewgley For Whom You Are Acting As Authorized Agent The Property Being Known As The Ron Roeder East One Hundred Twenty Acres Out Of The Southeast Quarter Of Section 250 Block 97, H&TC Ry Survey About Two And One Half Miles West Of The Town Of Snyder, Scurry County, Texas Also Property Joining The Von Roeder Property On The Southeast And Known As The J. C. Harrell Land Being Lots Thirty Eight And Thirty Nine Kirkland And Field Survey And Lot Forty J. P. Smith Survey Block One Stop The Consideration For The Four Hundred Fifty Acres Of Leases Is Forty One Thousand Dollars Cash And The Sellers To Retain An Override Of Ane Eight Of Eight Eighths Until The Purchaser Shall Receive Forty One Thousand Dollars Plus The Cost Of Developing Said Leases Then One Eighth Of Eight Eighths Override To Increase And Become One Fourth of EIGH-AJ-R-AUAL-ZFRRW-W-GRUUE-1 Described Override There Shall Be An Additional Override Of One Thirty Second Of Eight Eighths Payable To J. D. Erwin Which One Thirty Second Of Eight Eighths Override Will Reduce To One Sixty Fourth Of Eight Eighths On Any Well When It ENOTMFBFRWP DC JDVZING Seventy Five Barrels Per Day Stop Clarence Norsworthy As Assignee Agrees To Drill Three Wells On Said Leases And Agrees To Commence The Drilling Of The First Well Within Ninety Days And Agrees To Start Drilling The Second Well Within Sixty Days From The Completion Of The First Well And Agrees To Start The Third Well On Or Before Sixty Days From The Completion Of The Second Well Stop Please Confirm Your Acceptance Of This Trade By Telegram.

Clarence Norsworthy."

"DA 325

D.MDA006 Long 1 PD-Midland Tex 21 950A

C. L. Norsworthy, Jr.

4304 Overhill Dr Dal-

This Telegram Will Constitute Acceptance Of Your Deal On 450 Acres Of Oil And Gas Leases In Scurry County Texas Owned C. F. Urschel Et Al For Whom I Am Acting As Authorized Agent Subject To Terms And Conditions Set Forth In Your Telegram Yesterday With The Exception That Your Well Drilling Obligation Is Changed To Be Extent That You Will Be Allowed Sixty Days Between Wells And Failing This You Will Reassign All Undeveloped Acreage.

J. D. Erwin."

450-

"1949 AUG 21 PM 511

DA051 SSCO2

D.LLS40 PD-Dallas Tex 21 453 P-

J. D. Erwin

Scharbauer Hotel Midland Tex-

Receipt Of Your Telegram This Date Acknowledged Changes Made In Drilling

Obligation Are Accepted By Me. Advise Me When You Want Me To Meet With You In San Antonio To Consummate Matter.

C. L. Norsworthy."

In substance art. 3995 provides no action shall be brought in the cases enumerated unless the promise or agreement upon which such action shall be brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized. Subdivision 4 of the Article provides that no action shall be brought upon any contract for the sale of real estate or the lease thereof for a longer term than one year. These telegrams evidence on their face that the parties are attempting to contract with reference to mineral interests underlying 450 acres in Scurry County, the title to such mineral being evidenced by mineral leases.

■ This case was disposed of by special exceptions raising issues of law; and all facts well pleaded must be assumed to be true.

The property, conveyance of which is sought to be compelled, is described in plaintiff's petition as follows:

"(1) Oil, gas and mineral lease dated June 6, 1949, recorded Book 56, pages 329, et seq. of the Oil and Gas Lease Records of Scurry County, Texas, executed by Nolan c. von Roeder and wife, Opal L. von Roeder, as Lessors, to James B. Erwin as Lessee, covering the east 120 acres of the SE/4 of Section 250, Block 97, H. & T. C. Ry. Co. Survey in Scurry County, Texas, containing 120 acres, more or less;

"(2) Oil, gas and mineral lease dated November 4, 1948, recorded Boob 44, pages 251, et seq. of the Oil & Gas Lease Records of Scurry County, Texas, executed by Nannie L. Harrell, a widow, as Lessor, to Castleman & O'Neill, as Lessee, covering all of Tracts 38, 39 and 40 of the Dallas Trust & Savings Bank Subdivision of the Grimes Ranch Lands according to the map or plat thereof of record in Volume 41, page 20, of the Deed Records of Scurry County, Texas, Tracts 38 and 39 of said Subdivision being out of a part of Section 39, Kirkland & Field Surveys and Tract 40 of said subdivision being out of a part of Section 14, J. P. Smith Surveys in Scurry County, Texas, containing 330.9 acres, more or less."

The defendants are averred to have been joint owners of these leases on August 21, 1949, which is the date of the contract. In the written contract heretofore copied herein it is shown that plaintiff agreed to purchase 450 acres of oil and gas leases from C. F. Urschel and J. M. Hewgley. This is followed by a complete and perfect description of the surface estate of 450 acres of land in Scurry County. In the conditional acceptance of plaintiff's offer to purchase the leases are referred to as being owned by C. F. Urschel, et al. It must be assumed as true that on August 21, 1949, defendants were the owners by assignment of the two leases described in plaintiff's petition; same were recorded in Scurry County as averred by plaintiff. Beyond any question, had the leases been described in the contract as in the plaintiff's petition there would be no question as to the sufficiency of the description to comply with Section 4, art. 3995, our Statute of Frauds. This we deem elementary and there is as we understand it no contention to the contrary by either of the parties to this appeal. The reference to the records of Scurry County as made in the pleadings would give a complete and perfect description of the leases involved. There is no such reference made in the contract.

■ The real and substantial question presented is, is the description sufficient to identify the property as required by Section 4 of our Statute of Frauds? It is elementary that the surface and mineral estate in land when the same have been separated are each separate and distinct estates in land. It is hard to conceive how the minerals under land could be described without a description of the surface, but the description of the surface is but a part of the description of the minerals. An estate in the minerals, i. e., oil and gas under the surface of definitely described land is the subject matter of this contract.

There is a failure in the contract to specify the extent of the estates defendant has as evidenced by the leases, a failure to specify the portion, if any, of mineral retained by the Lessor, also a failure to specify the limitations of the estate to be conveyed by assignment; omitted likewise any reference to the covenants, if any, by the Lessee in the lease to be assigned. Most, if not all the above enumerated matters could have been made certain by reference to the records of Scurry County, Texas, but the contract makes no reference to the records of Scurry County. Pointing out the surface does not supply these matters. Describing the defendants as owners of the leases to be conveyed in our opinion fails to supply the omissions noted.

Parol testimony was the only way these matters could be supplied. If these matters were essential to the description of the estate the conveyance of which is sought to be compelled, then the Statute of Frauds bars plaintiff's cause of action.

The subject matter of this contract was oil and gas leases under the 450 acres of land described in the contract. Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533.

In the cited case the surface was definitely described. There was this description of the lease in the contract for its sale: "'A lease or an assignment of a lease is hereby proposed to be sold, what is known as a commercial lease, providing for one-eighth royalty to the landowner.'"

The case quotes with approval from the case of Jones v. Carver, 59 Tex. 293, as follows:

"In the case of Jones v. Carver, 59 Tex. 293, 295, the court held that a bond for title which described the land to be conveyed as 'a piece of land supposed to be 40 acres' was insufficient to support an action. We quote from that case as follows:

"'The rule is that a written agreement for the sale of land must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties; and

no part of such contract is more essential than that which identifies the subject-matter of the agreement.

"'As was said by Coke, Justice, in the case of Patton v. Rucker, 29 Tex. [402] 409: "The statute of frauds requires contracts of this character to be in writing. The object of the statute would be defeated, and the very evil intended to be provided against introduced and stimulated, if so material an ingredient in the contract as a definition and description of its subject-matter were allowed to be proved by parol. It has, therefore, been long since well settled, that parol proof is inadmissible for that purpose."'"

■ In the case of Cantrell v. Garrard, supra, it is further said: "The description of said lease, the subject-matter of the contract sued on, was insufficient to identify the same, and therefore insufficient to meet the requirements of the Statute cited, and defendant in error was not entitled to recover for the breach of such contract", citing under the statement numerous authorities. The judgment recommended by the Commission of Appeals was adopted by the Supreme Court, but the opinion was not so adopted. The fact the opinion was not adopted may deprive the case of its binding and authoritative effect as a precedent. 11 Tex.Jur. pp. 901–903, par. 127.

If the Supreme Court had not deemed the writing insufficient to meet the requirement of the Statute of Frauds, the judgment recommended would hardly have been entered. The defense was based solely on the Statute of Frauds. In our opinion the case of Cantrell v. Garrard, supra, supports and requires the disposition made by the trial court. Further, the same question is involved in this case as was involved in the case of Cantrell v. Garrard, so as to the case of Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W.2d 959, 141 A.L.R. 808. In this latter case the opinion was expressly adopted by the Supreme Court and the decision becomes authoritative, the law of the State. Judge Brewster in the course of the opinion says: Cantrell v. Garrard, Tex.Com.App. 240 S.W. 533 is decisive of this case.

In Taber v. Pettus Oil & Refining Co., supra, the description of the surface was complete. The provision as to the mineral estate was "One Hundred and Sixty (160) acres of Oil and Gas leases, covering the following described tracts, situated in Live Oak County". [139 Tex. 395, 162 S.W.2d 960]

There follows a complete description of the surface tracts constituting the 160 acres. The written contract contains this additional provision: "It is also understood and agreed that the assignments are to be the regular Texas Standard Form No. 86, properly executed."

In the Taber case it is stated this case is ruled by the principle stated by Justice Sharp in Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703: "'if the subject-matter sought to be conveyed is not described sufficiently to identify same, the requirements of the statute have not been met' and that 'the subject granted must be identified by the description given of it in the instrument itself' or by other writing referred to."

It is elementary, we think, that the contract was for the sale of an interest of oil and gas estate and amounted to an agreement for the conveyance of real estate, and is governed by the rules of law applicable to such agreement. Robertson v. Melton, 131 Texas 325, 115 S.W.2d 624, 118 A.L.R. 1505.

The case of Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533, had been followed several times prior to the handing down of the opinion in Taber v. Pettus Oil & Refining Co., supra. In this latter case it is stated that the decision in Cantrell v. Garrard had been cited with approval in numerous cases. Fagg v. Texas Co., Tex.Com.App., 57 S.W.2d 87; Laird v. Laird, Tex.Civ.App., 52 S.W.2d 1113 (e.

r.); Sneed v. Lester, Tex.Civ.App., 76 S. W.2d 802 (e. r.); Taubert v. Earle, Tex. Civ.App., 133 S.W2d 145 (e r.).

In the case of Sneed v. Lester, 76 S.W. 2d 802, the agreement for the assignment of the lease was as follows: "Said Lester has agreed to assign a certain oil lease to J. B. Sneed on 10 acres of land out of the Southwest part of the Daisy Bradford Tract, out of the Ximines Survey, in Rusk County, Texas, for the consideration of Two Thousand ($2,000.00) Dollars per acre".

It was held in accordance with the case of Cantrell v. Garrard, supra, that the contract could not be enforced because not complying with the Statute of Frauds for the reason that the description of the lease being insufficient to identify same. The case of Taubert v. Earle, Tex.Civ.App., 133 S.W.2d 145, 146 was disposed of under the authority of Cantrell v. Garrard. There the description was: "The Mrs. D. A. Nichols 4-acre tract of land northwest of the townsite of Bryson in Jack County, Texas, upon which either or both of you own an oil and gas lease, beg to advise you that, for a valuable consideration already received by us, we agree as follows".

The contract fails to describe the oil and gas lease further, the date of the lease is not given, the term thereof, the time for beginning drilling operations. It is held the lease was the subject matter of the contract and its description was insufficient under the Statute of Frauds.

There is no real distinction between the case at bar and the case of Cantrell v. Garrard, supra, and Taber v. Pettus Oil & Refining Co., supra. These cases are binding on the parties litigant and are binding on this court. There is no error reflected in the record, and it is ordered that the judgment of the trial court be in all things affirmed.